# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1611 | **DATE** | 5/24/2001 |
| **CASE TITLE** | Laura Barr-Carr vs. Jerry R. Eggers etal. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Plaintiff Bogdan owes defendants $3,304.56 in costs and $23,200.00 in attorneys' fees. Plaintiff Barr-Carr owes defendants $3,871.56 in costs and $14,537.50 in attorneys' fees. Both plaintiffs are jointly and severally liable for $12,343.91 in costs and $125,412.50 in attorneys' fees. It it therefore ordered that defendants' Bill of Costs is granted in the amount of $19,520.03. Defendant's petition for attorneys' fees is granted in the amount of $163,150.00. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 25 2001 date docketed | |
| | Notified counsel by telephone. | | | 166 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/24/2001 date mailed notice | |
| AC | courtroom deputy's initials | 01 MAY 24 PM 4:38 Date/time received in central Clerk's Office | AC6 mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHEL BOGDAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 96 C 1609 |
| | ) | |
| v. | ) | **DOCKETED** |
| | ) | Magistrate Judge |
| JERRY R. EGGERS, et al., | ) | Arlander Keys |
| | ) MAY 25 2001 | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LAURA BARR-CARR | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 96 C 1611 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge |
| JERRY R. EGGERS, et al., | ) | Arlander Keys |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Bill of Costs, pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1) and 28 U.S.C. § 1920 (West 2000), and Defendants' Petition for Attorneys' Fees, pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988(b) (West 2000). For the following reasons, the Court grants Defendants' Bill of Costs in part, and grants its Petition for Attorneys' Fees in full.

### Background

The cost and fee petitions before the Court come at the

166

conclusion of a nearly five-year dispute. *See generally Bogdan v. Eggers*, No. 96 C 1609, 96 C 1611, 2000 WL 1847608 (N.D. Ill. Dec. 14, 2000). In late 1995, Plaintiffs Mitchel Bogdan and Laura Barr-Carr filed suit under 42 U.S.C. § 1983 (West 2000), alleging various civil rights allegations against two Chicago police officers, the City of Chicago, and the operator of a service station, for injuries allegedly sustained following an altercation on March 20, 1995. *See id.* at *1.

After several years of investigation, as well as Court time and expense, it became clear that the charges were groundless, and, in fact, had been willfully fabricated by Ms. Barr-Carr and Mr. Bogdan at the expense of their many sets of attorneys, the Court, and Defendants. As a result of these egregious revelations, such as Ms. Barr-Carr's subornation of perjury from her own witness, Mr. Ofoma, this Court dismissed, on December 14, 2000, Plaintiffs' claims under Rule 11 of the FRCP, awarding fees and costs to Defendants.

On January 16, 2001, pursuant to 42 U.S.C. § 1988 and FRCP 54(d)(1), Defendant City of Chicago, and Defendants Renee Kalinowski and Angel Perez, through their attorneys, submitted a timely bill of costs for $18,990.08 of expenses related to this now dismissed legal action. On March 14, 2001, these same parties

submitted a timely Petition for Attorneys' Fees in the amount of $162,900, pursuant to FRCP 54(d)(2).[1]

## Analysis

I. **Plaintiffs are Liable for Defendants' Reasonable and Substantiated Costs.**

It is undisputed that Defendants were the prevailing parties in this case. Defendants' Bill of Costs seeks a total of $18,990.08, which includes, $5,512.08 in deposition and court reporting costs; $5,416.10 for demonstrative exhibits and enlargements; $1,376.00 for subpoena fees for witnesses; $3,495.00 for general copying costs; $1,158.60 for copies of transcripts of depositions; $663.13 for subpoenaed records; $262.83 for miscellaneous duplication expenses; and $1,107.04 for copies of videotaped and transcribed testimony that Ms. Barr-Carr had provided in other lawsuits to which she was a party. After amending the costs of certain expenses, the Court grants Defendants' Bill of Costs in part.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the

---

[1] On March 12, 2001, Defendants submitted a Motion for Relief from Local Rule 54.3 Conference and Joint Statement Requirements with respect to their Petition for Attorneys' Fees. By minute order on March 14, 2001, this Court excused compliance with Local Rule 54.3, due to the tumultuous history of this case, and the vitriolic relationship between the parties.

prevailing party unless the court otherwise directs." *See also* 28 U.S.C. § 1920. There is a strong presumption in favor of awarding costs to the prevailing party.[2] *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457-58 (7th Cir. 1994). However, the losing party must demonstrate "actual indigency," and not merely limited financial resources, before a court can exercise its discretion in this area. *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403, at *1 (N.D. Ill. Aug. 28, 2000). Here, since neither Plaintiff has responded to Defendants' Petition for Costs,[3] the Plaintiffs' financial status is not at issue, as they have not met their burden of proving indigency.

Based on Defendants' documentation for the fees and costs, the

---

[2] Although the power to apportion costs and fees in § 1988 actions is customarily used to reimburse prevailing plaintiffs, the standard should be no different when the defendant is the victor, especially in the case *sub judice*, where Plaintiffs engaged in willful deceit and delay.

[3] Although Mr. Bogdan has failed to participate in the execution of this case since September 2000, he is still responsible for costs that are directly attributable to him. As explained *infra*, where possible, his costs have been separated from Ms. Barr-Carr's. Nonetheless, Ms. Barr-Carr and Mr. Bogdan are jointly and severally liable for fees and costs that are indivisible.

Court is able to apportion — or attribute — the fees and costs to either Ms. Barr-Carr or Mr. Bogdan. However, for costs and fees that are indivisible, the Court is within its discretion to hold them jointly and severally liable.[4] *Herbst v. Ryan*, 90 F.3d 1300, 1304-05 (7th Cir. 1996); *see also Molnar v. Booth*, 229 F.3d 593, 605 (7th Cir. 2000).

To determine what costs the prevailing party may recoup, the Court looks first to the statute, which permits recovery of the following costs: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copying "of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1920. Furthermore, in reviewing the amounts assigned to each expense, the Court determines whether they are "reasonable and necessary." *Sullivan v. Cheshier*, 991 F. Supp. 999, 1001 (N.D. Ill. 1998). Despite these suggested parameters, the Court ultimately has broad discretion to determine whether expenses claimed by a prevailing party are taxable as costs.

---

[4] Although Ms. Barr-Carr was the driving force behind her and Mr. Bogdan's fraudulent claims (*see Bogdan v. Eggers, supra*), it is within the Court's discretion to hold them both jointly and severally liable for the costs that cannot be apportioned, as both Plaintiffs actively participated in prosecuting this fraudulent case. *See Herbst v. Ryan*, 90 F.3d 1300, 1305 (7th Cir. 1996).

*McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). In the case *sub judice*, the Court determines that, with one exception, all of the costs claimed by Defendants are "reasonable and necessary."

Consistent with its recent rulings on this issue, the Court determines that the $.20 per page copying charge sought by Defendants is excessive and should be reduced to $.15 per page. Although the case law on this issue is conflicting, this Court has recently determined that it was reasonable to reduce a similar $.20 per page copying charge to $.15 per page. *See McCraven v. City of Chicago*, No. 97 C 8845, 2001 WL 62573, at *2 (N.D. Ill. Jan. 25, 2001); *but see Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000) (allowing $.20 per page for copying). In order to remain consistent with this Court's prior rulings in this area, and to ensure that the costs recouped are to reimburse the prevailing party for the costs of this litigation and no more, Defendants' total general copying costs are reduced from $3,495.00 to $2,621.25, and the total costs for copying transcripts are reduced from $1,158.60 to $914.40[5], accordingly.

---

[5] In addition to the reduction in per page copying costs, this amount also reflects corrections to arithmetic errors in the Defendants' Bill of Costs, discussed *infra*.

In conclusion, the Court grants Defendants' Bill of Costs, in part, and finds that the amended amount of $19,520.03 should be taxed against Plaintiffs. Plaintiff Bogdan will be solely responsible for $3,304.56; Plaintiff Barr-Carr will be solely responsible for $3,871.56, and both Plaintiffs will be jointly and severally liable for the remaining $12,343.91. A summary of the amended costs is as follows:

| Expense | Total Requested | Total Awarded |
| --- | --- | --- |
| general copying[6] | $3,495.00 | $2,621.25 |
| transcript copying | $1,158.60 | $914.40[7] |
| court reporting fees | $5,512.08 | $7,159.28[8] |
| subpoena fees | $1,376.00 | $1,376.00 |
| subpoenaed records | $663.13 | $663.13 |
| exhibits | $5,416.10 | $5,416.10 |

---

[6] Copying costs have been reduced by 25%, from $.20 per page to $.15 per page, as discussed *supra*.

[7] This amount reflects corrections to arithmetic errors in the Defendants' Bill of Costs. While Defendants' total comes to $1,158.60 for the copies of transcripts, this Court's total comes to $1,219.20. When $1,219.20 is multiplied by 75% (to take into account the 25% reduction in copying charges allowed by this Court), the total comes to $914.40.

[8] This amount reflects corrections to arithmetic errors in the Defendants' Bill of Costs. While Defendants' total comes to $5,512.08 for deposition transcripts and court reporting costs, this Court's total comes to $7,159.28, an error that favors Defendants.

misc. duplication exp.   $262.83                    $262.83

videos prior testimony   $1,107.04                  $1,107.04

**TOTAL**                $18,990.08                 $19,520.03

The costs and fees will be divided among Plaintiffs as follows:

| Expense | Bogdan | Barr-Carr | Joint/Several | TOTAL |
| --- | --- | --- | --- | --- |
| Gen. copies | $247.95 | $124.65 | $2,248.65 | $2,621.25 |
| Trans. copies | $254.70 | $212.85 | $446.85 | $914.40 |
| court rept. | $2,602.68 | $2,456.16 | $2,100.44 | $7,159.28 |
| subpoena fees | $0.0 | $0.0 | $1,376.00 | $1,376.00 |
| subp. recds | $0.0 | $0.0 | $663.13 | $663.13 |
| exhibits | $0.0 | $0.0 | $5,416.10 | $5,416.10 |
| misc. | $199.23 | $0.0 | $63.60 | $262.83 |
| videos | $0.0 | $1,077.90 | $29.14 | $1,107.04 |
| **TOTAL** | $3,304.56 | $3,871.56 | $12,343.91 | $19,520.03 |

## II. Defendants are Entitled to Attorneys' Fees

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See also* FRCP 54(d)(2). Although the central purpose behind the enactment of § 1988(b) was to ensure that *plaintiffs* would have effective access to the judicial process, defendants that emerge as prevailing

parties may also, in limited circumstances, recoup attorneys' fees for their expenses as well. *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 420(1978) (describing legislative history of the act, which shows that lawmakers also wanted to "protect defendants from burdensome litigation having no legal or factual basis.").

However, defendants in civil rights actions may seek recovery of attorneys' fees only if the legal action of which they were a target is found to be "vexatious" or "frivolous," or was clearly brought to "harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 fn. 2 (1983); *see also Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1278 (7th Cir. 1983) (explaining that cases where fees have been assessed against a plaintiff are "limited to situations where plaintiff's conduct was abusive, or merely a disguised effort to harass or embarrass the defendant.")(citation omitted).

As this Court stated in its opinion dismissing the underlying case: "The Court finds that Plaintiffs have been abusing the judicial system since 1996 and have brought this litigation for an improper purpose, namely to harass the City and its officers and to fraudulently obtain a money verdict." *See Bogdan*, 2000 WL 1847608, at *11. Accordingly, Plaintiffs' willful disregard for the truth, combined with the severity and duration of these baseless

allegations, clearly rise to the level of the undesirable behavior discouraged by the provisions of § 1988. Therefore, this Court finds that Defendants are entitled to the recovery of reasonable attorneys' fees for expenses incurred in the course of this litigation.

To determine the amount of the award, the Court relies heavily on the party seeking reimbursement to provide a detailed and accurate accounting of the hours worked and the rate claimed. *See Hensley*, 461 U.S. at 433. As the Supreme Court has stated, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*; *see also Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998). For attorneys who do not maintain set billing rates, such as government entities or public interest organizations, the rate will be calculated by determining what is "charged by lawyers in the community of reasonably comparable skill, experience, and reputation." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)(quotations and citation omitted). Importantly, "the reasonableness of particular fees is a determination that remains within the discretion of the experienced district court judge." *Jaffee*, 142 F.3d at 415.

In the case at hand, attorneys for Defendants have submitted affidavits attesting to the time spent in preparation of this case. Specifically, David M. Zinder, counsel for Defendants Eggers, Kalinowski and Perez, and Aimee B. Anderson, counsel for the Office of the Corporation Counsel of the City of Chicago, ask that their services be reimbursed at the rate of $250 per hour. The total amount sought by both attorneys is $162,900.00, with $113,262.50[9] earmarked for Mr. Zinder and $49,637.50 for Ms. Anderson (on behalf of the City of Chicago).

The Court finds the hourly rate of $250 per hour to be commensurate with what other attorneys in the field of civil rights litigation, with similar experience, generally charge. *See, e.g., Cooke v. Stefani Management Services, Inc.*, No. 98 C 7604, 2000 WL 1029165, at *2 (N.D. Ill. July 26, 2000)(referencing case law awarding fees in civil rights litigation in a range of $225 to $275 per hour), *rev'd in part on other grounds*, 2001 WL 504205 (7th Cir. 2001); *Not on Guest List Coalition v. City of Chicago*, No. 96 C 4622, 1999 WL 350655, at *1 (N.D. Ill. May 19, 1999)(awarding civil rights attorney Edward T. Stein $300 per hour). Once the hourly rate is determined, the Court must evaluate whether the amount and

---

[9] As discussed *infra*, due to another arithmetic error, the amount $113,262.50 should really be $113,512.50.

type of work done should be reimbursed.

The Court has discretion to increase or decrease the amount in light of twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hensley*, 461 U.S. at 429-30, fn. 3.

If the Court believes that the amounts are not reasonable, it must provide a "concise, but clear explanation" for each modification to the proposed amount. *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992). Importantly, where the documentation of hours is inadequate, vague or overbroad, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433.

After reviewing the detailed log of hours and tasks submitted by Defendants, the Court finds that the accounting of time spent on

various litigation-related tasks over the last five years to be sufficiently detailed and reasonable. Accordingly, the Court grants Defendants' Petition for Attorneys' Fees, and finds that the amount of $163,150.00[10] should be taxed against Plaintiffs. As explained below, Plaintiff Bogdan is solely responsible for $23,200.00; Plaintiff Barr-Carr is solely responsible for $14,537.50, and both Plaintiffs are jointly and severally liable for $125,412.50. The fees are allocated as follows:

| PARTY | Zinder | City of Chicago | TOTAL |
|---|---|---|---|
| Bogdan | $19,887.50 | $3,312.50 | $23,200.00 |
| Barr-Carr | $13,112.50 | $1,425.00 | $14,537.50 |
| Joint/Several | $80,512.50 | $44,900.00 | $125,412.50 |
| TOTAL | $113,512.50[11] | $49,637.50 | $163,150.00 |

---

[10] This amount reflects corrections to arithmetic errors in the Defendants' Petition for Attorney's Fees. When calculating hours for Mr. Zinder, this Court comes to 454.05 hours – not 453.05. Therefore, Mr. Zinder should receive an additional $250.

[11] While Defendants' total for Mr. Zinder comes to $113,262.50, this Court's total comes to $113,512.50, which reflects the additional hour (at $250.00).

## CONCLUSION

For the reasons set forth above, Plaintiff Bogan owes Defendants $3,304.56 in costs and $23,200.00 in attorneys' fees. Plaintiff Barr-Carr owes Defendants $3,871.56 in costs and $14,537.50 in attorneys' fees. Both Plaintiffs are jointly and severally liable for $12,343.91 in costs and $125,412.50 in attorneys' fees.

IT IS THEREFORE ORDERED that Defendants' Bill of Costs be, and the same hereby is, GRANTED in the amount of $19,520.03.

IT IS FURTHER ORDERED that Defendant's petition for attorneys' fees be, and the same hereby is, GRANTED in the amount of $163,150.00.

DATED: May 24, 2001

ENTER:

/s/ Arlander Keys

ARLANDER KEYS
United States Magistrate Judge